UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK MINGER MANBECK,

    Petitioner,

v.                                      CASE NO. 8:15-cv-2823-T-02AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,[1]

    Respondents.
_____/

ORDER

Mark Minger Manbeck, a Florida prisoner, initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254. (Dkt. 1). Upon consideration of the petition and memorandum, the Court ordered Respondent Secretary, Department of Corrections, to show cause why relief sought in the petition should not be granted. (Dkt. 3). Thereafter, Respondent filed a response in opposition to the petition, along with the state court record. (Dkts. 7, 9). Mr. Manbeck then filed a reply. (Dkt. 15).

In his petition, Mr. Manbeck alleges seven (7) claims for relief. The Court will address related claims together.

I.    PROCEDURAL HISTORY

Mr. Manbeck was charged with using a computer to solicit a minor (Count One) and

---

[1] Respondent Secretary, Department of Corrections, moves to dismiss the Florida Attorney General from the case. (Dkt. 7 at 1 n.1). Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In contrast, Rule 2(b) provides that "[i]f the petitioner is not yet in custody — but may be subject to future custody — under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Here, Rule 2(a) applies, and the Florida Attorney General is not a proper party to this petition. Respondent's request to dismiss the Florida Attorney General from this action is **GRANTED**.

traveling to meet a minor (Count Two). (Dkt. 9 Ex. 1). Mr. Manbeck entered a negotiated plea of no contest to Count Two, and the State nolle prosequied Count One. (Dkt. 9 Ex. 2; Ex. 4 at 21). Mr. Manbeck was sentenced to forty-two months in prison, followed by six years of sex offender probation. (Dkt. 9 Ex. 2; Ex. 4 at 21, 23).

Mr. Manbeck did not file a direct appeal, but he moved for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. (Dkt. 9 Ex. 4 at 1–10). The post-conviction court denied each of his claims. (Dkt. 9 Ex. 4 at 11–18, 26–27). Mr. Manbeck appealed the denial of his Rule 3.850 motion, and the state appellate court affirmed, per curiam. (Dkt. 9 Ex. 7); *Manbeck v. State*, 179 So. 3d 327 (Fla. 2d DCA 2015) (table). Mr. Manbeck also filed a petition for writ of habeas corpus, which the state court construed as a second Rule 3.850 motion and, ultimately, denied. (Dkt. 9 Ex. 9 at 28–57, 62–72). The denial was affirmed, per curiam, on appeal. (Dkt. 9 Ex. 11); *Manbeck v. State*, 177 So. 3d 616 (Fla. 2d DCA 2015) (table).

Mr. Manbeck then filed the instant federal habeas petition in this Court. Upon review, the Court can resolve the entire petition on the basis of the record. Therefore, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*,

2

537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

3

Under section 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835–36; 28 U.S.C. § 2254(e)(1).

In evaluating a petitioner's claim, a federal habeas court must first identify the highest state court decision, if any, that adjudicated the claim on the merits. *Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). Where that state court's adjudication is not accompanied by a reasoned opinion, the United States Supreme Court has explained that:

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

*Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

**B. Ineffective Assistance of Counsel Standard**

Claims of ineffective assistance of counsel are analyzed under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a petitioner to demonstrate both deficient performance by counsel and resulting prejudice. Demonstrating deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. However,

4

"counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

The petitioner must demonstrate that counsel's alleged errors prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691–92. To show prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Sustaining a claim of ineffective assistance of counsel on federal habeas review is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). *See also Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) (a petitioner must overcome the " 'doubly deferential' standard of *Strickland* and AEDPA.") (citation omitted). If a claim of ineffective assistance of counsel can be resolved through one of *Strickland*'s two prongs, the other prong need not be considered. *Strickland*, 466 U.S. at 697; *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

### III. ANALYSIS

#### A. Grounds Four and Five

Mr. Manbeck entered a plea of no contest to Count Two of the Information, for which he was adjudicated guilty and sentenced. A plea of no contest "is the legal equivalent of a guilty plea and a waiver of all non-jurisdictional defects." *United States v. Caraway*, 474 F.2d 25, 28

5

(5th Cir. 1973),[2] *vacated on other grounds*, 483 F.2d 215 (5th Cir. 1973) (en banc) (per curiam). *See also Hudson v. United States*, 272 U.S. 451, 455 (1926) (explaining that a plea of nolo contendere "is an admission of guilt for the purposes of the case."). The Supreme Court has explained that:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "But, a defendant can still maintain an attack on the voluntary and knowing nature of the guilty plea itself." *Duhart v. United States*, 556 F. App'x 897, 898 (11th Cir. 2014).

In ground four, Mr. Manbeck challenges the knowing and voluntary nature of his plea, contending that he was improperly induced to accept the plea offer because his trial counsel did not move to dismiss one of the charges based on double jeopardy (pursuant to *Hartley v. State*, 129 So. 3d 486 (2014)) and because "the only way to have one count eliminated was by acceptance of [the] plea deal." (Dkt. 1 at 10).

He raised a similar claim as issue four in his first Rule 3.850 motion (Dkt. 9 Ex. 4 at 5), and the state post-conviction court, affirmed per curiam by the state appellate court, denied the claim. The post-conviction court explained:

> The Defendant contends that the State acted improperly when it offered to drop Count 1 only if he accepted the negotiated agreement because this action was "inducement" and he was under duress when he made the agreement.
>
> "Although an involuntary plea is a recognized ground for postconviction relief, the defendant has the burden of showing that the plea was not intelligently or voluntarily entered." [*Doward v. State*, 802 So. 2d 518, 519 (Fla. 5th DCA

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2001).] The Defendant's Ground Four does not describe actions by the State which are improper. Such negotiations are commonplace, and the Defendant agreed that he was entering a plea because he thought it was the best way of resolving his case and that he was not threatened or forced into entering his plea. [Attachment: Transcript (Partial), 4:11-4:20.] Therefore, this Ground Four shall be denied.

(Dkt. 9 Ex. 4 at 13).

The state court reasonably concluded that such negotiations are common. Moreover, the record supports the state post-conviction court's decision that Mr. Manbeck's plea was made knowingly and voluntarily. During the change of plea hearing, the following colloquy occurred:

> MR. LESKOVICH: Judge, in case 2013 1794 CF, Mr. Manbeck will withdraw his previous entered plea of not guilty to a plea of no contest in Count II of the information. It is our understanding upon Court's acceptance the State would nolle pros Count I.
> THE COURT: All right.
> MS. DRYDEN: That is correct[.] ...
> MR. LESKOVICH: The agreed upon sentence, Judge, for Mr. Manbeck in Count II for traveling to meet a minor for purposes of sexual activity, a second degree felony, maximum sentence 15 years Department of Corrections; for him to be sentenced to 42 months DOC less credit for time served followed by six years of sex offender probation; court costs as imposed per scheduled; followed by six years of sex offender probation; court costs as imposed per scheduled; $100 cost of prosecution and he's to be adjudicated guilty.
> I have a signed and executed plea form, which we've tendered to the Court for acceptance.
> THE COURT: All right. Sir, would you state your full name, including any middle name?
> THE DEFENDANT: Mark Minger Manbeck.
> THE COURT: And do you swear to tell me the truth, the whole truth and nothing but the truth?
> THE DEFENDANT: Yes Ma'am.
> ...
> THE COURT: Did you go over the plea form with your attorney?
> THE DEFENDANT: Yes Ma'am.
> THE COURT: Do you have any questions about the information in the plea form or the rights that -- it says that you're giving up?
> THE DEFENDANT: No ma'am.
> THE COURT: Do you understand that you're entering a plea of no contest to traveling to meet a minor, a second degree felony?
> THE DEFENDANT: Yes I do.
> THE COURT: By entering this plea you're giving up your right to further investigate the case, file appropriate pretrial motions, have a jury trial where the

7

>State proves your guilt beyond a reasonable doubt and you're giving up you right to present legal defenses that you have.
>THE DEFENDANT: I understand.
>THE COURT: Are you satisfied with the representation provided by Mr. Leskovich?
>THE DEFENDANT: Yes.
>THE COURT: Do you suffer from physical or mental illness, disability or handicap?
>THE DEFENDANT: No.
>THE COURT: Is there anything about you mentally, physically or emotionally that prevents you from thinking clearly and entering this plea today?
>THE DEFENDANT: No.
>THE COURT: Are you entering this plea and receiving the 42 month DOC sentence followed by six years of sex offender probation because you think that this is the best way to resolve the case, as opposed to going to trial or entering a plea before the Court or some other option?
>THE DEFENDANT: Yes.
>THE COURT: Has anybody threatened you or forced you to do this by telling you something that you have relied upon to make the plea that you haven't told me about?
>THE DEFENDANT: No.
>THE COURT: I find that your plea is freely and voluntarily made, that there is a factual basis to support it. You'll have 30 days to appeal anything illegal about the following sentence and if you cannot afford a lawyer to represent you on appeal, I'll appoint one.

(Dkt. 9 Ex. 4 at 21–23).

The colloquy demonstrates that Mr. Manbeck knowingly and voluntarily chose to plead no contest, and that he was not coerced into doing so. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). *See also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). Mr. Manbeck has presented nothing to overcome that presumption. Accordingly, the state post-conviction court's decision was not contrary to, or an unreasonable application of, federal law or based on an unreasonable determination of the facts, and that portion of ground four is denied.

Mr. Manbeck's claim in ground four of ineffective assistance of counsel for not moving to dismiss one of the charges based on double jeopardy is also raised in ground five of the instant petition. (Dkt. 1 at 12). However, while he challenged the State's failure to drop one of the charges, Mr. Manbeck did not raise the issue as one of ineffective assistance of counsel in state court. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State[.]"). Accordingly, that portion of grounds four and five has not been properly exhausted. As Mr. Manbeck has not asserted cause and prejudice or a fundamental miscarriage of justice to overcome the default, *see Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001), the claim is procedurally barred from habeas review. Those portions of grounds four and five are denied.

Mr. Manbeck also argues in ground five that, had counsel moved to dismiss Count One, the score on his sentencing scoresheet would have been lowered to 53 from 83. (Dkt. 1 at 12). He claims that he raised this issue before the state post-conviction court, but the state court failed to rule on it, and, contrary to Respondent's argument that he waived this issue by pleading no contest, scoresheet calculations may be raised and corrected at any time. (Dkt. 15 at 11; Dkt. 9 Ex. 4 at 5–6).

This argument does not entitle Mr. Manbeck to relief. Florida law requires a party to obtain a ruling on each issue, otherwise the issue is waived for purposes of appeal. *See Rhodes v. State*, 986 So. 2d 501, 513 (Fla. 2008) (citing Fla. Stat. § 924.051(1)(b); Philip J. Padovano, *Florida Appellate Practice*, § 8.1, at 148 (2007 ed.) ("The aggrieved party must obtain an adverse ruling in the lower tribunal to preserve an issue for review. The appellate courts review only the decisions of lower tribunals . . . . Without a ruling or decision, there is nothing to review.")). The

record demonstrates that Mr. Manbeck never obtained a ruling on the scoresheet issue. (*See* Dkt. 9 Ex. 5 at 14–15 (explaining to the state appellate court that the state post-conviction court did not address the scoresheet issue)).

The state appellate court affirmed the denial of Mr. Manbeck's Rule 3.850 motion per curiam. Nevertheless, given the state's longstanding procedural rule, the Court concludes that the state appellate court denied relief on an independent and adequate state procedural ground, rather than addressing the merits of the issue. *See Harrington v. Richter*, 562 U.S. 86, 99–100 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court has adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. . . . The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely."); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (explaining that when a state court rejects a petitioner's claim on the basis that the claim has not been properly raised in accordance with state procedure, federal review of the claim in a subsequent federal habeas proceeding is typically not available.). *See also Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("[W]e may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case."). The claim is, therefore, procedurally defaulted.

As Mr. Manbeck has not asserted cause and prejudice or a fundamental miscarriage of justice to overcome the default, *see Coleman*, 501 U.S. at 750, the claim is procedurally barred from habeas review and is denied.

B. <u>Grounds One Through Three, Six and Seven</u>

In ground one, Mr. Manbeck claims that his counsel was ineffective for failing to file a

10

motion to dismiss based on entrapment by law enforcement. (Dkt. 1 at 5). In ground two, relying on his entrapment arguments, he claims the charges were illegally obtained by law enforcement's placement of the craigslist advertisement that he ultimately accepted. (Dkt. 1 at 7). In ground three, he contends counsel was ineffective for failing to pursue a motion claiming age discrimination in the plea negotiation process. (Dkt. 1 at 8). In ground six, Mr. Manbeck claims his counsel did not perform sufficient work on his case or obtain a "suitable" plea deal. (Dkt. 1 at 14). In ground seven, he argues that the Florida Statutes the charges were based on do not exist, therefore the state court was without jurisdiction to enter judgment against him. (Dkt. 1 at 15).

In each of these claims, Mr. Manbeck does not challenge the knowing and voluntary nature of his plea, but, instead, argues various violations of his constitutional rights before the entry of his no contest plea. As his plea was knowingly and voluntarily made, he has waived those claims and they are precluded from habeas review. *Tollett*, 411 U.S. at 267. Accordingly, grounds one through three, six, and seven are denied.

Moreover, for the reasons that follow, even were the grounds not waived by Mr. Manbeck's plea, they would not entitle Mr. Manbeck to relief.

1. Grounds One and Three

Grounds one and three were not raised in the state courts. Therefore, they are not exhausted and are procedurally defaulted. *See* 28 U.S.C. § 2254(b)(1)(A). Ground two is also procedurally defaulted. Although Mr. Manbeck presented the issue in his Rule 3.850 motion, the state post-conviction court determined that, under Florida law, he was required to raise the issue at trial or on direct appeal, which he failed to do. (Dkt. 9 Ex. 4 at 12). This constitutes an independent and adequate state law procedural ground for the state post-conviction court's resolution of the claim, for which federal review is not available. *See Coleman*, 501 U.S. at 729-30. As Mr. Manbeck has

11

failed to assert the requisite cause and prejudice or fundamental miscarriage of justice to overcome the defaults, these claims are precluded from federal habeas review. *See Coleman*, 501 U.S. at 750–51; *Smith*, 256 F.3d at 1138.

2. Ground Six

In ground six, Mr. Manbeck claims:

> Counsel was hired and paid $5,000 to arrange [a] suitable plea deal or $10,000 to go to trial. Petitioner was given a "do nothing" strategy by counsel. Counsel did not file motions to dismiss case as agreed upon;[3] counsel did not make [an] effort to receive case information from the state in a timely manner (it took one year); counsel did not conduct depositions; counsel did not bring up downward departure elements available; counsel made no effort to negotiate plea deal; counsel advised petitioner to accept illegal plea deal.

(Dkt. 1 at 14).

To the extent that Mr. Manbeck claims counsel placed no effort into negotiating the plea deal and erroneously advised him to accept the "illegal" plea deal, he did not raise these arguments in the state post-conviction court; he argues only that the plea deal was not in his best interest. (*See* Dkt. 9 Ex. 4 at 6–7). Accordingly, those arguments are not exhausted and are defaulted. As he has failed to assert the requisite cause and prejudice or fundamental miscarriage of justice to overcome the defaults, these claims are precluded from federal habeas review. *See Coleman*, 501 U.S. at 750–51; *Smith*, 256 F.3d at 1138.

Mr. Manbeck raised the rest of his ground six claims in his Rule 3.850 motion for post-conviction relief. (Dkt. 9 Ex. 4 at 6–7). The state post-conviction court, affirmed per curiam by the state appellate court, denied his claims, explaining:

> "A claim of ineffective assistance of counsel based on counsel's failure to investigate witnesses must include: (1) the appellant's identification of the witness, or witnesses, who would have testified; (2) the substance of the victim's testimony; and, (3) a description of the prejudice suffered due to the omission of the witness's

---

[3] Although he now claims counsel should have filed "motions," plural, to dismiss, at the post-conviction stage, Mr. Manbeck alleged only that counsel should have moved to dismiss based on entrapment. (Dkt. 9 Ex. 4 at 7).

testimony at trial." [*Tyler v. State*, 793 So. 2d 137, 141 (Fla. 2d DCA 2001).] The Defendant must also allege that a witness was available for trial. [*Nelson v. State*, 875 So. 2d 579, 583 (Fla. 2004).] Regarding the Defendant's claim that his trial counsel did not conduct any depositions, the Defendant fails to state what witnesses trial counsel should have deposed, what their testimony would have been, and how that, but for trial counsel's failure to depose these witnesses, he would have refused the plea offer and instead gone to trial. If the Defendant's claim includes that the witnesses should have testified at the trial, he should also have asserted that they would have been available for trial. Consequently, this claim is not facially sufficient.

Regarding trial counsel's failure to consider the defense of objective entrapment, in *Munoz v. State*, [629 So. 2d 90, 99 (Fla. 1993) (citing to *State v. Glosson*, 462 So. 2d 1082 (Fla. 1985),] the Florida Supreme Court explained that while subjective entrapment was governed by the test in section 777.201, Florida Statutes, objective entrapment could be found "in the presence of egregious law enforcement conduct . . . is to be evaluated under the due process provision of article I, section 9, of the Florida Constitution as in *Glosson* and [*State v.*] *Williams*[, 623 So. 2d 462 (Fla. 1993)]. In *Williams*, the Court held that law enforcement misconduct in criminal investigation could violate the due process clause of the Florida Constitution . . . .

. . .

The Defendant's motion fails to set forth the specific facts about the investigation by law enforcement that would support the objective entrapment defense. The Defendant's motion only states that officers deviated from a script and training, and that the officers used a computer to pose "as an underage teen looking for sex as bait." Without more information about the specific actions of law enforcement that gave rise to the charges, the Defendant's motion is not facially sufficient.

Finally, as to the sub-issue of the State's delay in providing discovery to the defense, a delay on the part of the State cannot form the basis of ineffective assistance of defense counsel.

(Dkt. 9 Ex. 4 at 16–19). The post-conviction court struck ground six as facially insufficient and permitted Mr. Manbeck to amend it, which he failed to do.

Regarding his counsel's failure to depose witnesses, in his Rule 3.850 motion, Mr. Manbeck merely stated that his counsel "never attempted to d[e]pose any witnesses." (Dkt. 9 Ex. 4 at 7). He failed to identify any specific witnesses or what they would have testified to. He also failed to allege that, had the unspecified depositions been undertaken, he would have decided

to go to trial instead of pleading no contest. Accordingly, he has not demonstrated prejudice. *See Strickland*, 466 U.S. at 690–98 (requiring a showing of both deficient performance and prejudice to demonstrate ineffective assistance of counsel); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991) (holding that vague, conclusory, or speculative allegations cannot support a claim of ineffective assistance of counsel).

Regarding his counsel's failure to move for dismissal, the objective entrapment defense is a matter of state law, and "state law is what the state courts say it is." *Pinkney v. Secretary, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (superseded by statute on other grounds)). *See also Sairras v. Fla. Dep't of Corr.*, 496 F. App'x 28, 35 (11th Cir. 2012) ("It is well-settled that the defense of entrapment is not of constitutional dimension."). The Court is, therefore, bound by the state court's determination that Mr. Manbeck did not demonstrate objective entraptment. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Pinkney*, 876 F.3d at 1295 (11th Cir. 2017) (quoting *Alvord*, 725 F.2d at 1291) ("[A]lthough 'the issue of ineffective assistance — even when based on the failure of counsel to raise a state law claim — is one of constitutional dimension,' [the Court] 'must defer to the state's construction of its own law' when the validity of the claim that . . . counsel failed to raise turns on state law.")). As Mr. Manbeck failed to demonstrate objective entrapment, he has not shown that his trial counsel was ineffective for failing to move for dismissal on that ground.

Finally, regarding Mr. Manbeck's claim that "counsel did not make [an] effort to receive case information from the state in a timely manner (it took one year)" (Dkt. 1 at 14), he fails to allege what counsel should have done; nor does he explain how he was prejudiced, as he concedes

the case discovery was eventually obtained. Therefore, he has not demonstrated the deficient performance or prejudice required by *Strickland*.

Accordingly, Mr. Sanders has not shown that the state post-conviction court's decision was contrary to, or an unreasonable application of, federal law or based on an unreasonable determination of the facts. Ground six is denied.

### 3. Ground Seven

In ground seven, Mr. Manbeck claims that the state court was without jurisdiction to enter judgment against him because "chapters 794 and 800 [of the Florida Statutes] were repealed by the legislature in 1974 and never re-adopted [or] ratified." (Dkt. 1 at 15). Upon review, however, this claim is not cognizable on habeas review because it is a state law claim. *See Estelle*, 502 U.S. at 67 (explaining that habeas relief does not lie for alleged errors of state law).[4] Accordingly, ground seven is denied.

Any of Mr. Manbeck's allegations not specifically addressed herein are without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**. The Clerk shall terminate the Attorney General, State of Florida, from the docket, see *supra* n.1, enter judgment against Mr. Manbeck, and close this case.

2. A certificate of appealability (COA) is **DENIED** in this case because Mr. Manbeck cannot make "a substantial showing of the denial of a constitutional right."

---

[4] Moreover, Mr. Manbeck raised this claim in his second motion for post-conviction relief in state court. (Dkt. 9 Ex. 9 at 32–49). The state post-conviction court, affirmed per curiam by the state appellate court, denied relief, explaining that Mr. Manbeck was not convicted under Chapter 794 or Chapter 800, but instead under Section 847.0135(4)(a), Florida Statutes, therefore, "even if [his] claims possessed merit, it is unclear why they would have any applicability to [his] case." (Dkt. 9 Ex. 9 at 2). Further, the post-conviction court concluded that the challenged crime does exist and that, "[i]f Defendant had been convicted of that offense, [his] claim th[at] he was convicted of a nonexistent crime would have no merit." (Dkt. 9 Ex. 9 at 65). Therefore, even were it cognizable, the Court would be bound by the state court's determination on this state law issue. *See Estelle*, 502 U.S. at 67–68; *Pinkney*, 876 F.3d at 1295.

28 U.S.C. § 2253(c)(2). And because Mr. Manbeck is not entitled to a COA, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on ___January 21___, 2019.

                                      WILLIAM F. JUNG
                                      United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record